PREGERSON, Circuit Judge,
Dissenting.
I disagree with the majority’s conclusion that the arbitration agreement “clearly and unmistakably” provided that the question whether this dispute is arbitrable must be resolved by the arbitrator. I agree with the district court that “it is clear that the parties’ arbitration agreement does not encompass representative claims.”
Under California law, ambiguities in a contract must be resolved against the drafter. Cal. Civ.Code § 1654 (West 1982); see Weeshoff Constr. Co. v. Los Angeles County Flood Control Dist., 88 Cal.App.3d 579, 587-88, 152 Cal.Rptr. 19 (Cal.App.1979) (where a written contract includes some “uncertainty of meaning, [the contract] must be construed against the drafter”).
Here, the arbitration agreement states that “a claim can only be arbitrated on an individual basis and not as a class action.” The agreement also provides that “[i]f any party elects arbitration with respect to a claim, neither you [plaintiff Ariza] nor we [defendant Autonation] will have the right ... to participate as a x-epresentative or member of any class or claimants pex'tain-ing to such claim.” These provisions suggest that the arbitration agreement does not prohibit class actions but only prohibits arbitration of those class actions. The arbitration agx-eement, therefore, should be intex'preted to cover only individual claims, not class action claims. Under the arbitration agreement, any questions about *665 the scope of that agreement concerning individual claims are to be decided by the arbitrator; but this is not an individual claim. This is a class action. The arbitration agreement here prohibits arbitration of class action claims.[1]
I believe that the district court did have the authority to resolve this dispute, and I would therefore affirm the district court’s decision denying defendant’s motion to compel arbitration concerning the scope of the agreement.

. An alleged waiver of the right to bring class action claims such as these would be substantively unconscionable. Both the Ninth Circuit and California courts have recognized that one-sided waivers of the right to bring or arbitrate any class action are substantively unconscionable. Ingle v. Circuit City Stores, 328 F.3d 1165, 1175-76 (9th Cir.2003). Such a waiver is inherently one-sided because it serves to protect only one party to the agreement; here, the defendant corporations. Id. The corporate defendants in this case would never have occasion to sue Ariza and the other class members in a class action, representative action, or private attorney general action. A prohibition against such claims would operate only to the benefit of the defendants by .insulating them from class-wide liability for claims brought against them in a representative capacity on behalf of the general public.